1

2

3

4

5



FILED

2002 OCT 28  A 9: 11

E.

BY

6

7          UNITED STATES DISTRICT COURT

8          EASTERN DISTRICT OF CALIFORNIA

9  WESTSIDE PRODUCE, a California    )    CIV F-02-5777 OWW/SMS
   corporation and TURLOCK FRUIT    )
10 CO., a California corporation.    )    MEMORANDUM DECISION AND
                                     )    ORDER RE: PALLET RECOVERY
11              Plaintiff,           )    LLC'S MOTION TO DISMISS
                                     )    BASED ON LACK OF PERSONAL
12      v.                           )    JURISDICTION AND IMPROPER
                                     )    VENUE
13 PALLET RECOVERY LLC, a foreign    )
   business entity, of unknown       )
14 origin, PEACHTREE GROUP LLC, a    )
   foreign business entity of        )
15 unknown origin.                   )
                                     )
16              Defendants.          )
   _____)

17

18

19

20      This action involves two separate lawsuits, one initiated by

21 Pallet Recovery and Peachtree Group in the U.S. District Court

22 for the Southern District of Florida against Westside Produce and

23 Turlock Fruit and one initiated by Westside Produce and Turlock

24 Fruit in the U.S. District Court for the Eastern District of

25 California against Pallet Recovery and Peachtree Group.

26 Defendants Pallet Recovery and Peachtree Group move to dismiss on

27 improper venue, based on a forum selection clause contained in

28 the original contract at issue.  In the alternative, defendants

1

1  request a stay pending an anticipated decision by the Florida
2  federal court.  That decision has been made as to the Turlock
3  Fruit Company suit.  The U.S. District Court for the Southern
4  District of Florida dismissed Pallet Recovery's and Peachtree
5  Group's suit against Turlock Fruit Company ("TFC"), for lack of
6  personal jurisdiction, on October 1, 2002.  The Florida District
7  Court held the Florida forum selection clause within the contract
8  could not operate as the sole basis for Florida to exercise
9  personal jurisdiction over an objecting non-resident Defendant
10 and that no other basis for in personam jurisdiction over TFC was
11 alleged in the complaint.

12      Pallet Recovery further requests it be dismissed as a party
13 defendant based on lack of personal jurisdiction in California.
14 Plaintiffs oppose the motion to dismiss and request that as an
15 alternative to dismissal, a limited discovery order be issued on
16 jurisdiction and venue, and a stay or a transfer occur after all
17 available information is presented.

18
19                        I.   BACKGROUND

20      Plaintiffs Westside Produce and Turlock Fruit Co. entered
21 into lease contracts with National Pallet Leasing Systems (NPLS),
22 L.L.C. in December 1998. The lease contract includes a forum
23 selection clause designating "any state or federal court [of]
24 competent jurisdiction in the state of Florida sitting in Broward
25 County" as having exclusive jurisdiction over any contractual
26 dispute brought by lessee. A second part of the forum selection
27 clause states, "National or any assignee shall have the right to
28 bring any action or proceeding against the lessee or its property

                              2

1 | in the courts of any other jurisdiction National or assignee
2 | deems necessary or appropriate in order to realize on the PEP
3 | palettes or to enforce fully its rights under this lease." Doc.
4 | 9 at 2.   The contract designated Florida state law as governing,
5 | "except to the extent that the remedies hereunder in respect of
6 | the PEP palettes, are governed by the laws of a  jurisdiction
7 | other than the state of Florida." *Id*.

8 | NPLS borrowed money from Connecticut Commercial Bank,
9 | pledging its contractual rights under the two leasing agreements
10 | as collateral.   Connecticut Commercial Bank then sold and
11 | assigned to Peachtree Group LLC all of the Bank's rights, title
12 | and interests in and to the NPLS loans, the NPLS loan documents,
13 | the NPLS leases, the NPLS lease documents, the NPLS receivables
14 | and the NPLS receivable documents. Doc. 17 at 2.  Peachtree Group
15 | LLC hired pallet recovery systems, an independent contractor, to
16 | collect allegedly missing palettes and alleged amounts owing from
17 | plaintiffs under the lease agreements.

18 |
19 | **A.   Florida Action**

20 | Pallet Recovery and Peachtree Group filed separate
21 | complaints against Westside Produce and Turlock Fruit Co. in the
22 | Florida State Circuit Court of the 17th Judicial Circuit in and
23 | for Broward County Florida on March 5th 2002. *Pallet Recovery LLC*
24 | *and Peachtree Group LL, v. Turlock Fruit Co.*, No. 02-004466 CACE
25 | 08 and *Pallet Recovery LLC and Peachtree Group LLC, v. Westside*
26 | *Produce.*, No. 02-004475 CACE 21 included in Doc. 9.  Westside
27 | Produce was served with a copy of the summons and complaint on
28 | July 18th 2002.   Turlock Fruit Co. was served with a copy of the

3

1   summons and complaint on July 16th 2002.  Westside Produce and
2   Turlock Fruit Co. timely removed the suit to the appropriate
3   Federal District Court in Florida.  On August 16th, 2002,
4   Westside Produce and Turlock Fruit Co. submitted to the Florida
5   District Court motions to abate, and/or motions to dismiss for
6   lack of personal jurisdiction, or in the alternative, motions to
7   transfer to the Eastern District of California.  A decision on
8   the Florida motion, as to the case against Turlock Fruit Co., has
9   been made by the federal District Court in Florida.  It found no
10  basis for personal jurisdiction over Turlock Fruit Company; that
11  the Florida forum selection clause could not operate as the sole
12  basis for Florida to exercise personal jurisdiction over a non-
13  resident defendant.

14

15        B.   California Action

16        Westside Produce and Turlock Fruit Co.'s complaint against
17  Pallet Recovery and Peachtree Group was filed in the United
18  States District Court, Eastern District of California, on June
19  27th 2002.  Westside and Turlock filed their complaint several
20  weeks prior to receiving notice of the complaint against them
21  filed in Florida State court in March.  Defendants Pallet
22  Recovery and Peachtree Group were served on July 8, 2002. Doc. 4.

23

24        C.   Current Motion

25        On the same day that Westside Produce and Turlock Fruit Co.
26  Submitted their motion to dismiss in Florida, Pallet Recovery and
27  Peachtree Group submitted this motion to dismiss in California.
28  Pallet Recovery and Peachtree Group move the court to dismiss

                                4

1  based upon improper venue. Pallet Recovery alternatively moves
2  that it be dismissed from this case for lack of personal
3  jurisdiction.

4
5                        II.  LEGAL STANDARD

6      A.  Judicial Notice

7      "A judicially noticed fact must be one not subject to
8  reasonable dispute in that it is either (1) generally known
9  within the territorial jurisdiction of the trial court or
10 (2) capable of accurate and ready determination by resort to
11 sources whose accuracy cannot reasonably be questioned." Fed. R.
12 Evid. 201(b) (1984). "A court shall take judicial notice if
13 requested by a party and supplied with the necessary
14 information." Fed. R. Evid. 201(d) (1984). Judicially noticed
15 facts often consist of matters of public record, such as prior
16 court proceedings, see, e.g., Emrich v. Touche Ross & Co., 846
17 F.2d 1190, 1198 (9th Cir. 1988); administrative materials, see,
18 e.g., Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); city
19 ordinances, see, e.g., Toney v. Burris, 829 F.2d 622, 626-27 (7th
20 Cir. 1987) (holding that federal courts may take judicial notice
21 of city ordinances); official maps, see, e.g., Aiello v. Town of
22 Brookhaven, 136 F. Supp. 2d 81, 86 n.8 (E.D.N.Y. 2001) (taking
23 judicial notice of geological surveys and existing land use
24 maps); or other court documents, see, e.g., Rothman v. Gregor,
25 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed
26 complaint as a public record). Federal courts may "take notice
27 of proceedings in other courts, both within and without the
28 federal judicial system, if those proceedings have a direct

                              5

1 relation to the matters at issue." U.S. ex rel Robinson
2 Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248
3 (9th Cir. 1992).

4
5           B.    First-to-File Rule of Federal Comity

6      The first-to-file doctrine of federal comity permits a
7 district court to decline jurisdiction over an action when a
8 complaint involving the same parties and issues has already been
9 filed in another district. *See Kerotest Mfg. Co. v. C-O Two Fire*
10 *Equip. Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952);
11 *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th
12 Cir. 1982) (comity principle avoid[s] placing an unnecessary
13 burden on the federal judiciary, and avoid[s] the embarrassment
14 of conflicting judgments).  [I]ncreasing calendar congestion in
15 the federal courts makes it imperative to avoid concurrent
16 litigation in more than one forum whenever consistent with the
17 rights of the parties. *See Crawford v. Bell*, 599 F.2d 890, 893
18 (9th Cir. 1979).

19      Three factors are considered in applying the first-to-file
20 rule: 1) the chronology of the two actions; 2) the similarity of
21 the parties; and 3) the similarity of the issues.  *See Alltrade,*
22 *Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir.
23 1991).  The first to file rule is not rigid or inflexible, but is
24 applied to serve sound judicial administration principles. *See*
25 *Pacesetter Systems,* 678 F.2d at 96.  The rule may be dispensed
26 with for equitable reasons; for example, where the first action
27 is filed merely as a means of forum shopping or other indicia of
28 bad faith, *see Alltrade*, 946 F.2d at 628; when the later-filed

6

1  action has progressed further, *see Church of Scientology of*
2  *California v. United States Dept. of the Army*, 611 F.2d 738, 750
3  (9th Cir. 1979); or where the balance of convenience weighs in
4  favor of the later-filed action. *See Ward v. Follett Corp.*, 158
5  F.R.D. 645, 648 (N.D. Cal. 1994).  The rule does not apply where
6  different parties or issues are involved in the two actions. *See*
7  *Alltrade,* 946 F.2d at 628 n.13 (*citing Pacesetter Systems*, 678
8  F.2d at 96).

9

10    C.   Forum Selection Clause

11        Parties may by contract designate the forum in which any
12   litigation is to take place, and litigation commenced elsewhere
13   may be subject to dismissal for improper venue. See, *e.g.*,
14   *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 111 S.Ct. 1522
15   (1991); *Spradlin v. Lear Siegler Mgt. Services*, 926 F.2d 865, 866
16   (9th Cir.1991); *TAAG Linhas Aereas de Angola v. Transamerica*
17   *Airlines*, 915 F.2d 1351 (9th Cir.1990).  A forum selection clause
18   is "prima facie valid" and should not be set aside unless the
19   party challenging enforcement demonstrates that the clause is
20   "invalid" or that its enforcement would be "unreasonable." *The*
21   *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972); *see*
22   *also Carnival Cruise Lines*, 499 U.S. at 589.   The Ninth Circuit
23   has found that a forum selection clause should be followed
24   unless:

25              (1) its incorporation into the contract was
26              the result of fraud, undue influence, or
27              overweening bargaining power; (2) the
28              selected forum is so gravely difficult and

                              7

1       inconvenient that the complaining party will

2       for all practical purposes be deprived of its

3       day in court; or (3) enforcement of the

4       clause would contravene a strong public

5       policy of the forum in which the suit is

6       brought.

7       A forum selection clause will be enforced where venue is

8  specified with mandatory language. *Docksider, Ltd. v. Sea

9  Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir.1989). However, if

10 the language of the forum selection clause is non-mandatory, the

11 forum selection clause will not preclude suit elsewhere. *Hunt

12 Wesson Foods, Inc. v. Supreme Oil Co.*, 817, 75, 77 (9th Cir.

13 1987).   To be a mandatory forum selection clause, the clause

14 must contain language that clearly designates a forum as the

15 exclusive one. *Northern California Dist. Council of Laborers v.

16 Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir.

17 1995).

18      "When only jurisdiction is specified the clause will

19 generally not be enforced without some further language

20 indicating the parties' intent to make jurisdiction exclusive."

21 Docksider, 875 F.2d at 764.   A forum selection clause needs to

22 contain additional language mandating that venue be in a

23 particular place or mandatory language requiring a case be

24 litigated in only one forum. *Northern California Dist. Council

25 of Laborers*, 69 F.3d at 1037.[1]   For example, in *Pelleport

26

27      [1]   In M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972),
28 the Supreme Court found language which provided that "And dispute

8

1 │ *Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273,
2 │ 275 (9th Cir.1984), the forum selection clause expressly mandated
3 │ a particular forum:

4 │    Exhibitor [Budco] expressly agrees that any
5 │    and all disputes arising out of or in
6 │    connection with this Agreement shall be
7 │    litigated only in the Superior Court for Los
8 │    Angeles, California (and in no other), and
9 │    Exhibitor hereby consents to the jurisdiction
10 │    of said court.

11 │  *Id.* at 275.  On the other hand, in *Hunt Wesson Foods, Inc.*
12 │ *v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir.1987), the Ninth Circuit
13 │ found a forum selection clause not mandatory.  The clause there
14 │ contained the following language:

15 │    Buyer and Seller expressly agree that the
16 │    laws of the State of California shall govern
17 │    the validity, construction, interpretation
18 │    and effect of this contract. The courts of
19 │    California, County of Orange, shall have
20 │    jurisdiction over the parties in any action
21 │    at law relating to the subject matter of the
22 │    interpretation of this contract.

23 │ *Id.* at 76.

24 │  The Ninth Circuit held that the clause was permissive
25 │ because "in cases in which forum selection clauses have been held
26 │
27 │ _____
   │ arising must be treated before the London Court of Justice" to
28 │ require all suits be brought in London.  *Id.* at 2, 20.

1  to require litigation in a particular court, the language of the
2  clauses clearly required exclusive jurisdiction." *Id.* at 77.

3      The Ninth Circuit has found that where venue is specified
4  with mandatory language, a forum selection clause will be
5  enforced. *Docksider*, 875 F.2d at 763.  In *Docksider*, the forum
6  selection clause stated:

7              This agreement shall be deemed to be a
8              contract made under the laws of the State of
9              Virginia, United States of America, and for
10             all purposes shall be interpreted in its
11             entirety in accordance with the laws of said
12             State. Licensee hereby agrees and consents to
13             the jurisdiction of the courts of the State
14             of Virginia. Venue of any action brought
15             hereunder shall be deemed to be in Gloucester
16             County, Virginia.

17 *Id.* at 763.

18     The Ninth Circuit found that this forum selection clause was
19 mandatory. *Id.*   The Ninth Circuit distinguished *Hunt* because by
20 agreeing to the forum selection clause, the plaintiff not only
21 "consented to the jurisdiction of the state courts of Virginia,
22 but further agreed by mandatory language that the venue for all
23 actions arising out of the license agreement would be Gloucester
24 County, Virginia." *Id.* at 764.

25     In *Northern California Dist. Council of Laborers v.*
26 *Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995), the
27 forum selection clause read:

28             [a] decision of the Board of Adjustment . . .

10

1             or the decision of a permanent arbitrator

2             shall be enforceable by a petition to confirm

3             an arbitration award filed in the Superior

4             Court of the City and County of San

5             Francisco, State of California.

6     *Id.* at 1036.

7     The Ninth Circuit found the forum selection clause was not

8 mandatory because the language "shall be enforceable" is as

9 permissive as language providing a given forum "shall have

10 jurisdiction," which is not mandatory. *Id.* at 1037.  Unlike

11 language requiring venue to be in a particular location or

12 mandating cases be litigated in only a specific forum, the Ninth

13 Circuit found the language "shall be enforceable," "is

14 permissive, not mandatory, because it does not contain language

15 clearly requir[ing] exclusive jurisdiction." *Id.*

16     Neither party addresses what standard the court should use

17 to determine if the disputes at issue in this case are covered by

18 the forum selection clause.  Courts have held that a "range of

19 transaction participants, parties and non-parties, should benefit

20 from and be subject to forum selection clauses." *Manetti-Farrow,*

21 *Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th

22 Cir.1988);[2] *Graham Tech. Solutions, Inc. v. Thinking Pictures,*

23

24       [2] In Manetti-Farrow, the plaintiff argued that the forum

25 selection clause could only apply to actual signatories of the
contract. The Ninth Circuit found that the clause could be

26 applied to non-signatories to the contract where "the alleged
conduct of those non-parties is closely related to the

27 contractual relationship." Manetti-Farrow, 858 F.2d at 509.

28

1   *Inc.*, 949 F.Supp. 1427, 1434 (N.D.Cal.1997). A forum selection

2   clause can restrict a third-party beneficiary to the designated

3   forum. *TAAG Linhas Aereas de Angola v. Transamerica Airlines,*

4   *Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990). An entity that is not

5   a party to a contract containing a forum selection clause may be

6   bound by the forum selection clause if the entity is "closely

7   related to the dispute such that it becomes foreseeable that it

8   will be bound. *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209

9   (7th Cir.1993); *Manetti-Farrow*, 858 F.2d at 514 n. 5.[3]

10      Even if claims in an action do not allege a breach of the

11   contract containing the forum selection clause, the forum

12   selection clause still applies if the claims asserted arise out

13   of the contractual relation and implicate the contract's terms.

14   *Manetti-Farrow*, 858 F.2d at 514; *Crescent Intern., Inc. v. Avatar*

15   *Communities, Inc.*, 857 F.2d 943, 944-45 (3rd Cir. 1988). In

16   *Hugel v. Corporation of Lloyd's*, 999 F.2d 206 (7th Cir. 1993),

17   the Seventh Circuit found that "[r]egardless of the duty sought

18   to be enforced in a particular cause of action, if the duty

19   arises from the contract, the forum selection clause governs the

20   action." Id. 209. In *Bense v. Interstate Battery System of*

21   *America*, 683 F.2d 718, 720 (2d Cir.1982), the Second Circuit held

22   that a forum selection clause that applied to anti trust claims

23   was enforceable, because a forum selection clause covers "causes

24   of action arising directly or indirectly from" the agreement. *Id.*

25   at 720. The Supreme Court in *Scherk v. Alberto-Culver Co.*, 417

26   U.S. 506 (1974), held that controversies and claims "arising out

27

28

1 || of" a contract for the sale of a business covered securities
2 || violations related to that sale. *Id*. at 519-20. The Second
3 || Circuit explains the rule as follows:

4 It defies reason to suggest that a plaintiff
5 may circumvent forum selection and
6 arbitration clauses merely by stating claims
7 under laws not recognized by the forum
8 selected in the agreement. A plaintiff simply
9 would have to allege violations of his
10 country's tort law or his country's statutory
11 law or his country's property law in order to
12 render nugatory any forum selection clause
13 that implicitly or explicitly required the
14 application of the law of another
15 jurisdiction. We refuse to allow a party's
16 solemn promise to be defeated by artful
17 pleading.

18 || *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1360 (2d
19 || Cir.1993).

20 || For example, in *Hugel*, the parties executed a forum
21 || selection clause providing that the courts of England would have
22 || exclusive jurisdiction over "any dispute and/or controversy of
23 || whatsoever nature arising out of or relating to the Member's
24 || membership . . . ." *Hugel*, 999 F.2d at 207-208. The Eleventh
25 || Circuit follows *Hugel* and *Manetti-Farrow*: "In order to bind a
26 || non-party to a forum selection clause, the party must be 'closely
27 || related' to the dispute such that it becomes 'foreseeable' that
28 || it will be bound." *Hugel v. Corporation of Lloyd's*, 999 F.2d

13

1    206, 209 (7th Cir.1993) (quoting *Manetti-Farrow, Inc. v. Gucci*
2    *Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir.1988)); see also
3    Manetti-Farrow, 858 F.2d at 514 n. 5 ('[A] range of transaction
4    participants, parties and non-parties, should benefit from and be
5    subject to forum selection clauses'). . . . *cf. Dayhoff Inc. v.*
6    *H.J. Heinz Co.*, 86 F.3d 1287, 1297 (3d Cir.1996) (holding that a
7    sister corporation that did not sign an arbitration agreement
8    could not be bound by the agreement, but noting that if the
9    'corporation's interests were directly related to, if not
10   predicated upon, the [signatory's] conduct,' the corporation
11   would have been subject to agreement)." *Lipcon v. Underwriters at*
12   *Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir.(Fla.)1998).  The
13   Lipcom court affirmed a district court finding that spouses who
14   had signed letters of credit for collateral, but not signed the
15   original General Undertaking agreement, were subject to the forum
16   selection clause: "the interests of the spouses in this dispute
17   are completely derivative of those of the named plaintiffs--and
18   thus 'directly related to, if not predicated upon' the interests
19   of the named plaintiffs, *see Dayhoff*, 86 F.3d at 1297." *Lipcon*,
20   148 F.3d at 1299.

21        The Seventh Circuit held that the plaintiffs' claims
22   alleging unlawful disclosure of confidential information
23   discovered during an internal disciplinary proceeding were
24   governed by that clause.  *Id.* at 207.  The court reasoned that a
25   party to such a clause may not avoid its effect by arguing that
26   it should apply only to disputes concerning membership duties
27   relating to insurance underwriting. *Id.* at 208-09.  In *Crescent*,
28   the Third Circuit found claims of misrepresentations, unfair

14

1  competition, conversion, fraud and tortuous interference fell
2  under a forum selection clause. *Crescent*, 857 F.2d at 944.  In
3  *Bense*, the Third Circuit applied a forum selection clause found
4  in a distributorship agreement to an anti-trust claim. *Bense*, 683
5  F.2d at 719-21.

6       To establish that the clause is unreasonable for
7  inconvenience, Plaintiffs bear the "heavy burden of showing that
8  trial in the chosen forum would be so difficult and inconvenient
9  that the party would effectively be denied a meaningful day in
10 court." *Argueta*, 87 F.3d at 325; *Pelleport Investors v. Budco*
11 *Quality Theatres*, 741 F.2d 273, 281 (9th Cir.1984).  The forum
12 selection clause here provides Peachtree's assignor could sue in
13 any forum it chose.  This is a non-mandatory forum selection
14 clause and not enforceable for that reason.

15

16       D.  Personal Jurisdiction

17       In response to a motion to dismiss for lack of personal
18 jurisdiction, the court reviews the pleadings and affidavits,
19 upon which the plaintiff needs only to make a prima facie showing
20 that personal jurisdiction exists. *See Graphic Controls Corp. v.*
21 *Utah Med. Prod.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998).  The
22 court construes the pleadings and affidavits in the light most
23 favorable to the plaintiff. *See id.*

24       Personal jurisdiction exists if permitted by California's
25 long-arm statute and federal due process. *See id.* at 1385.
26 Pursuant to Cal. Code of Civ. P. § 410.10, California's long-arm
27 statute reaches as far as the Due Process Clause permits.
28       Two categories of jurisdiction exist: general or specific

15

1  jurisdiction. *See Lake v. Lake*, 817 F.2d 1416, 1420-21 (9th Cir.
2  1987). If a defendant's activities are "continuous and
3  systematic" or "substantial" in a forum, sufficient relationship
4  exists with the defendant to assert general jurisdiction. *See*
5  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408,
6  414-16 (1984). Specific jurisdiction is analyzed under a three
7  part test: (1) the defendant must "purposely direct" its
8  activities at the residents of the forum, (2) the litigation must
9  "arise out of or relate to those activities," and (3) the
10  assertion of personal jurisdiction must be constitutionally
11  reasonable. *See 3D Systems*, 160 F.3d at 1378. Courts examine the
12  defendant's contacts with the forum at the time of the events
13  underlying the dispute. *See Steel v. United States*, 813 F.2d
14  1545, 1549 (9th Cir. 1987); *cf. Genetic Implant Systems, Inc., v.*
15  *Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (court
16  considered defendant's forum contacts occurring prior to the
17  grant of a patent).

18

19                            III.  ANALYSIS

20      A.  JUDICIAL NOTICE

21      Plaintiffs Westside Produce and Turlock Fruit Co. request
22  judicial notice of ten documents and two facts. All 12 items
23  relate to the Florida lawsuit and plaintiffs' (as defendants)
24  motions to abate and/or dismiss for lack of personal jurisdiction
25  &/or motion to transfer, filed in the Florida District Court on
26  August 16th, 2002.

27      The existence of the documents are judicially noticeable.
28  They are motions and affidavits filed with the U.S. District

16

1   Court in Florida, in relation to the lawsuit pending there.  *See*
2   *U.S. ex rel Robinson Rancheria Citizens Council*, 971 F.2d at 248.
3   Judicial notice is taken of the existence of the requested
4   documents and their contents, only to the extent they contain
5   undisputed material.  Judicial notice is also taken of the fact
6   that "plaintiffs are Defendants in two lawsuits brought by
7   Defendants against them in Broward County Florida which have been
8   removed by Plaintiffs to the U.S. District Court for the Southern
9   District of Florida.  Plaintiffs, as Defendants in the Florida
10  actions, brought two MOTIONS TO ABATE and/or DISMISS OR [SIC]
11  LACK OF PERSONAL JURISDICTION, or in the ALTERNATIVE MOTION TO
12  TRANSFER.  These motions were filed on August 16, 2002, the same
13  day as the motions to dismiss filed by defendants in the action
14  in the EASTERN DISTRICT of CALIFORNIA." *See* Doc. 13, ¶ 1 at 1.
15  Judicial notice is taken of the fact that on October 1, 2002, the
16  U.S. District Court, Southern District of Florida ruled on the
17  motion in Case No. 02-61012-CIV, in favor of Turlock Fruit
18  Company, and held no personal jurisdiction over plaintiffs exists
19  in Florida.

20
21       B.   FIRST-TO-FILE RULE OF FEDERAL COMITY

22       Three factors are considered in applying the first-to-file
23  rule: 1) the chronology of the two actions; 2) the similarity of
24  the parties; and 3) the similarity of the issues. *See Alltrade,*
25  *Inc.*, 946 F.2d at 625-26.  Here defendants in the instant action
26  filed suit in Florida State court in March of 2002.  Though not
27  served in the Florida action until July 16-18 of 2002, plaintiffs
28  were aware of the significant possibility of litigation given the

17

1  July - October, 1991 correspondence between the attorneys of each
2  party. Doc. 14, Exh. A-C.  Plaintiffs filed this case action June
3  29, 2002, approximately three months after defendants filed suit
4  in Florida.  This factor weighs in favor of deferring to the
5  United States District Court in Florida.

6       The second factor, similarity of parties, also weighs in
7  favor of deferring to the United States District Court in
8  Florida.  The parties are identical in both suits.  The third
9  factor, similarity of issues, also weigh in favor of deferring to
10 the Florida court.  Neither party submitted a copy of the Florida
11 action; however, from the pleadings it appears the Florida
12 complaint alleges failure to pay amounts owing on the lease and
13 failure to return a certain number of pallets.  The action filed
14 by plaintiffs in the California District Court is for breach of
15 contract, misrepresentation and or fraud, and declaratory relief.
16 Plaintiffs seek compensatory damages, punitive damages, a
17 declaratory judgment and costs and attorneys fees.  Both actions
18 are based upon the same lease agreement, conduct, and defenses of
19 all parties involved.

20      In this case, ¶15(b) of the contract makes the forum
21 selection clause non-exclusive or non-mandatory, by vesting the
22 defendants with the right to institute any action or proceeding
23 against plaintiffs in any other jurisdiction it deemed necessary
24 or appropriate.  This cuts against defendant's enforcement of the
25 forum selection clause.

26      A motion to dismiss is pending in the Florida court to
27 determine the venue, forum selection, and personal jurisdiction
28 issues (regarding Westside Produce).  A ruling by this court on

                              18

1  an almost identical motion would risk contradictory outcomes,
2  would violate accepted norms of comity, and would be an
3  inefficient use of judicial resources.

4      Plaintiffs' argument that the Florida suits should not be
5  afforded deference based upon timing is rejected.  Plaintiffs
6  were aware of the potential for litigation in Florida.
7  Plaintiffs cite no authority nor provide any reason for
8  abandoning the well accepted first-to-file rule.  Plaintiffs'
9  request that limited discovery on the jurisdiction and venue
10  issues be permitted is granted.  They have that right in either
11  case.

12      Pallet Recovery's and Peachtree Group's motion to dismiss as
13  to TFC is DENIED.  As to Westside Produce, this action is ordered
14  STAYED, pending resolution by the United States District Court
15  Southern District of Florida, Broward Division, of Westside
16  Produce's motion to dismiss or transfer to the United States
17  District Court, Eastern district of California.

18

19      C.   Personal Jurisdiction

20      Pallet Recovery moves the court to dismiss it as a party-
21  defendant based on lack of personal jurisdiction in California.
22  Plaintiffs oppose this motion.  Decision on this motion is
23  deferred pending further briefing.  Plaintiffs have until Friday,
24  October 25, 2002 25th to file a supplemental brief; Defendants
25  must file any reply brief by Nov 1, 2002.

26

27              IV.   CONCLUSION

28      Defendant's Motion to Dismiss or Transfer based upon

19

1   improper venue is DENIED as to TFC.  As to Westside Produce, this
2   action is ordered STAYED, pending resolution of the venue and
3   jurisdiction issues by the Florida court.  The motion to dismiss
4   Pallet Recovery as a defendant based upon lack of personal
5   jurisdiction shall be submitted after further briefing.

7        SO ORDERED.

9        DATED:  October 25, 2002.

                                    _____
                                         Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

20

United States District Court
for the
Eastern District of California
October 29, 2002

* * CERTIFICATE OF SERVICE * *

1:02-cv-05777

Westside Produce

    v.

Pallet Recovery LLC

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  October 29, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

Richard Crowley Conway                    OWW SMS
Kahn Soares and Conway
PO Box 1376
219 North Douty Street
Hanford, CA  93232

John Vernon Ohnstad Jr
Kahn Soares and Conway
PO Box 1376
219 North Douty Street
Hanford, CA  93232

Nancy A Jenner
McCormick Kabot Jenner and Hurlbutt
1220 West Main Street
Visalia, CA  93291

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk